UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESA MARIA MARTINO,

    Plaintiff,

v.                                      Case No.: 8:20-cv-694-T-33SPF

PAMELA CAMPBELL,

    Defendant.

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Pamela Campbell's Motion to Dismiss the Complaint with Prejudice (Doc. # 6), filed on April 21, 2020. The Court grants the Motion.

**I.  Background**

Plaintiff Lesa Maria Martino brought this pro se lawsuit against the Honorable Pamela Campbell, Circuit Court Judge for the Sixth Judicial Circuit in St. Petersburg, Florida. (Doc. # 1). Judge Campbell presided over a guardianship case involving Martino's father, Roland Martino. (<u>Id.</u> at 6). Martino alleges that Judge Campbell violated her rights under the First, Fifth, and Fourteenth Amendments by entering an order in the guardianship case allegedly denying Martino the

1

capability to file pleadings in the case, despite Martino being an "heir, interested person and petitioner of the guardianship to protect her father." (Id. at 3, 6); see also (Doc. # 6-2).[1] Martino further alleges that Judge Campbell "protect[ed]" another party to the matter, Traci Hudson, and that Judge Campbell caused her father "cruel emotional distress" with her orders in the guardianship case. (Doc. # 1 at 6). According to Martino, Judge Campbell "denied Mr. Martino his Constitutional right to association with his daughter and violat[ed] the Bill of Rights in nursing homes and assisted living facilities to be able to visit with whom they decide." (Id.). Martino alleges Judge Campbell "is an accomplice to fraud with her corruption, collusion and conspiracy in an abusive guardianship." (Id.). Martino seeks $20 million in punitive damages. (Id. at 7).

Judge Campbell has moved to dismiss the complaint on several grounds, including judicial and qualified immunity, the Eleventh Amendment, and failure to state a claim upon

---

[1] The order Martino complains of explicitly found Martino was not an interested person in the guardianship case, directed that Martino should not have contact with her father or his appointed guardian, and directed the Clerk of Court to refuse to accept any further pleadings filed by Martino until she had complied with the Court's prior orders to obtain counsel. (Doc. # 6-2).

2

which relief may be granted. (Doc. # 6). Martino has submitted two "objections" to the Motion.[2] (Doc. ## 7, 9). The Motion is ripe for review.

## II. Discussion

Because Judge Campbell's Eleventh Amendment argument challenges this Court's subject-matter jurisdiction, the Court is required to address it first. See Seaborn v. State of Fla., Dep't of Corr., 143 F.3d 1405, 1407 (11th Cir. 1998); Prosperous v. Todd, No. 8:17-cv-1375-T-36AEP, 2018 WL 2298834, at *2 (M.D. Fla. May 21, 2018). The Eleventh Amendment bars Martino's claims to the extent they are brought against Judge Campbell in her official capacity. In any event, the complaint is due to be dismissed in its entirety because Judge Campbell is entitled to absolute judicial immunity for her rulings in the guardianship action.

### A. Eleventh Amendment

Judge Campbell contends that the Eleventh Amendment bars this action. "Eleventh Amendment sovereign immunity prohibits

---

[2] Martino improperly sent one document containing her "objections" to the Motion directly to the undersigned, which the Court filed on the docket as a courtesy. (Doc. ## 7, 8). While the Court has reviewed both of Martino's "objections," nothing contained therein is sufficient to overcome the Court's determination that the complaint is subject to dismissal with prejudice.

federal courts from entertaining suits brought by citizens against a state, including its agencies and departments." Uberoi v. Sup. Ct. of Fla., 819 F.3d 1311, 1313 (11th Cir. 2016). The Eleventh Amendment also "prohibits suits against state officials where the state is, in fact, the real party in interest." Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). "Suits against state officials in their official capacity are essentially actions against the state." Higdon v. Tusan, 746 F. App'x 805, 810 (11th Cir. 2018). The Eleventh Circuit has held that Florida Circuit Court Judges are "arms of the state for Eleventh Amendment purposes." Badillo v. Thorpe, 158 F. App'x 208, 213 (11th Cir. 2005).

Here, the Eleventh Amendment bars Martino's official-capacity claims against Judge Campbell, a Florida Circuit Court Judge. See Rivas v. Sasser, No. 15-81306-CIV, 2015 WL 10376423, at *4 (S.D. Fla. Dec. 17, 2015) ("Plaintiff's claims against . . . Judge Sasser, a public official who was working within her official capacity, . . . are barred by the grant of immunity under the Eleventh Amendment."), adopted by 2016 WL 769011 (S.D. Fla. Feb. 25, 2016).

Moreover, although the Eleventh Amendment does not bar suits "against state officers seeking prospective equitable

relief to end continuing violations of federal law," Pryor, 180 F.3d at 1336 (citing Ex parte Young, 209 U.S. 123 (1908)), that exception is inapplicable here. Martino does not seek to enjoin any ongoing conduct. Instead, she essentially asks this Court to vacate or reverse Judge Campbell's past rulings — her orders regarding Mr. Martino and her order barring Martino from making certain filings in the guardianship action. These are alleged past wrongs, not ongoing violations. See Bowling v. McCraw, No. 4:18-cv-610-ALM-CAN, 2019 WL 2517834, at *5 (E.D. Tex. Mar. 7, 2019) ("Plaintiff does not request any prospective injunctive relief seeking to enjoin any continued violation of federal law; Plaintiff's requested injunctive relief is retroactive in nature: Plaintiff requests that the Court vacate and/or reverse Judge McCraw's previous orders in the state court case. . . ."), adopted by 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019).

### B. Judicial Immunity

The Eleventh Amendment aside, Martino's complaint is due to be dismissed in its entirety for a separate, independently sufficient reason: Judge Campbell is entitled to absolute judicial immunity for her rulings in the guardianship action.

"A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court."

McCullough v. Finley, 907 F.3d 1324, 1330 (11th Cir. 2018). "To decide whether a judge was performing judicial acts, '[w]e look at the nature and function of his act, not the propriety of the act itself, and consider whether the nature and function of the particular act is judicial.'" Velasquez Andres v. Keyser, 777 F. App'x 392, 396 (11th Cir. 2019) (quoting McCullough, 907 F.3d at 1330-31). "A judge enjoys absolute immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." McCullough, 907 F.3d at 1331.

Here, Judge Campbell was undoubtedly performing a judicial act when she entered the complained-of order in the guardianship case. Accordingly, Judge Campbell is entitled to absolute judicial immunity unless Martino can establish that she "acted in the clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). Martino has not done so here.

At all times relevant to the complaint, Judge Campbell was acting within the scope of her judicial capacity. Martino has failed to allege any facts demonstrating that Judge Campbell was acting outside of her judicial authority when she entered any of the orders or took any of the actions alleged in Martino's complaint. "Even if [Martino] believes

that Judge [Campbell]'s rulings were in error, judicial immunity bars [her] claims because Judge [Campbell] was 'dealing with [Martino] in [her] judicial capacity.'" Dimaio v. Foster, No. 3:18-cv-1093-J-39PDB, 2018 WL 5078907, at *2 (M.D. Fla. Oct. 18, 2018) (quoting Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996)).

### C. Leave to Amend

"Generally, a pro se plaintiff must be given at least one chance to amend his or her complaint." Wright v. Ashton, No. 6:17-cv-436-Orl-41DCI, 2017 WL 9690365, at *11 (M.D. Fla. Oct. 13, 2017) (citing Cornelius v. Bank of Am., N.A., 585 F. App'x 996, 100 (11th Cir. 2014)), adopted by 2018 WL 1466396 (M.D. Fla. Mar. 26, 2018). Nevertheless, a court may "dismiss a pro se complaint with prejudice where any amendment would be futile — that is, where even a more carefully drafted complaint could not state a claim." Alberto v. Sec'y, Fla. Dep't of Corr., 770 F. App'x 467, 469 (11th Cir. 2019). Here, dismissal with prejudice is warranted because no amendment could overcome Judge Campbell's entitlement to absolute judicial immunity for her rulings in the guardianship action. See Simmons v. Edmondson, 225 F. App'x 787, 788-89 (11th Cir. 2007) (affirming the district court's denial of leave to amend

7

to a pro se plaintiff where "no amendment could have overcome the defendants' [judicial] immunity").

Accordingly, it is hereby

**ORDERED**, **ADJUDGED,** and **DECREED:**

(1) Defendant Pamela Campbell's Motion to Dismiss the Complaint with Prejudice (Doc. # 6) is **GRANTED.**

(2) Plaintiff's complaint (Doc. # 1) is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to terminate any pending motions or deadlines and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of May, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8